IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

JUL 2 6 2011

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| MACHELLE JOHNSON, | ) |
| Plaintiff, | ) Case No. 1:11cv 792-CMH/TCB |
| v. | ) **JURY DEMANDED** |
| PRUDENTIAL INSURANCE COMPANY OF AMERICA, INC., | ) |
| SERVE: CT Corporation System<br>4701 Cox Road, Suite 301<br>Glen Allen, VA 23060 | ) |
| Defendant. | ) |

## COMPLAINT

The Plaintiff, MACHELLE JOHNSON ("Ms. Johnson"), by counsel states as follows in support of her Complaint against the defendant, PRUDENTIAL INUSURANCE COMPANY OF AMERICA, INC.:

### Preliminary Statement

1. Ms. Johnson is the beneficiary of her deceased father's (Larry T. Johnson) accidental death benefits through his life insurance policy with Defendant, Prudential Insurance Company of America. On June 17, 2008, Mr. Johnson was trapped inside his apartment when it caught fire, and he died as a result of smoke inhalation and burns. When Ms. Johnson applied for the accidental death benefits, Defendant wrongfully denied her claim and her appeal of denial, claiming that her father's death was instead the result of his blood alcohol content. Ms. Johnson, having exhausted her administrative remedies through the life insurance policy, now seeks to recover her wrongfully denied benefits by filing suit under 29 U.S.C. § 1132(e).

1

### Jurisdiction and Venue

2. This Court has federal question jurisdiction under the Employee Retirement Income and Security Act, 29 U.S.C. § 1132(e).

3. Venue is proper in this Court pursuant to 29 U.S.C. § 1132(e) because the breach of the plan is alleged to have happened in this District and Division, Defendant regularly conducts business here, and Ms. Johnson resides here.

### Parties

4. Ms. Johnson is a resident and domiciliary of the Commonwealth of Virginia.

5. Ms. Johnson is a beneficiary of the Plan at issue in this litigation and within the meaning of 29 U.S.C. § 1002.

6. Defendant Prudential Insurance Company is part of Prudential Financial, Incorporated, an insurance company incorporated in New Jersey and regularly conducting business in Virginia.

### The Life Insurance Policy

7. Ms. Johnson's father, Larry T. Johnson ("Mr. Johnson"), now deceased, was an employee of Inova Health Care Services ("Inova") in Falls Church, Virginia until the time of his death, June 17, 2008.

8. As part of his employment, Inova provided life insurance benefits to Mr. Johnson through Defendant ("the Policy"). EXHIBIT A.

9. The Policy also provides benefits in the event of an accidental death of the insured ("accidental death benefits").

10. Mr. Johnson's Policy included accidental death benefits coverage in the amount of $37,000.00.

11. Mr. Johnson designated his daughter, Ms. Johnson as the sole beneficiary of his life insurance policy.

12. The "Accidental Death and Dismemberment" portion of the Policy states that it "pays benefits for an accidental loss."

13. The Policy provides that a "loss" is defined as the loss of life of the insured.

14. Section A, entitled "Benefits" provides that:

Benefits for accidental loss are payable only if all these conditions are met:

(1) The person sustains an accidental bodily injury while a Covered Person
(2) The Loss results directly from that injury and no other cause.
(3) The person suffers the Loss within 365 days after the accident.

15. Section B, entitled "Losses Not Covered" provides "a Loss is not covered if it results from any of these... (10) Being legally intoxicated or under the influence of any narcotic unless administered or consumed on the advice of a Doctor."

## Mr. Johnson's Death

16. At the time of his death, Mr. Johnson resided in an apartment complex, located in Falls Church, Virginia.

17. On October 17, 2009, Mr. Johnson's apartment caught fire, and he became trapped inside.

18. Mr. Johnson died on that date as a result of smoke inhalation and burns from the fire in his apartment.

19. Emergency personnel responded to the scene, and found that the cause of the fire was unintentional, and originated in the cooking area/kitchen of the apartment.

20. Mr. Johnson was not at fault for the fire in his apartment.

21. By the time the emergency personnel had reached the apartment, Mr. Johnson had already expired.

22. An autopsy of Mr. Johnson was performed on June 17, 2008. EXHIBIT B.

23. The Autopsy Report states that Mr. Johnson's cause of death was "inhalation injury and burns." Also listed as a contributing cause is "ethanol poisoning."

24. The Report of the Chief Medical Examiner/Investigator similarly states that the cause of Mr. Johnson's death was "inhalation of combustion products and burns," and states that a contributing cause was ethanol poisoning. EXHIBIT C.

25. Notably, the "Manner of Death" is identified as an **accident** in the Report of the Chief Medical Examiner/Investigator.

26. Mr. Johnson's death was the result of an accidental fire in his apartment, and his death was not the result of his intoxication.

### Ms. Johnson's Application for Accidental Death & Dismemberment Benefits from Defendant

27. On June 25, 2008, Ms. Johnson contacted Defendant to apply for the accidental death benefits in light of her father's recent accidental death.

28. Ms. Johnson filed her claim with Defendant on June 25, 2008, using the "Checklist of Required Information" on the application as a guide to ensure that she provided all requisite information for the expeditious processing of her claim.

29. On July 11, a Claims Coordinator on behalf of Defendant sent Ms. Johnson an acknowledgment letter that they were on notice of Mr. Johnson's death and that they were requesting certain records created by the Fairfax Fire and Rescue Department and the autopsy and toxicology reports.

30. Ms. Johnson received similar letters on July 25, August 26, September 19, and September 24, from various claims coordinators indicating that Defendant needed more documents and records to process the claim for benefits.

31. Ms. Johnson timely provided all documentation upon each request from Defendant, and provided a letter to Defendant on September 26, 2008, expressing her frustration with the lack of timeliness in processing her claim.

32. On October 7, 2008, a Claims Coordinator on behalf of Defendant wrote to Ms. Johnson, denying her claim for the Accidental Death & Dismemberment Coverage.

33. Defendant in their denial letter states that:

> "According to the information contained in the death certificate, Mr. Johnson died on June 17, 2008 from inhalation injury and burns. The final report of autopsy pathological diagnosis determined ethanol poisoning as a contributing cause to his death... Group Policy G-42094 states that a loss is not covered if it results from '*being legally intoxicated or under the influence of any narcotic unless administered or consumed under the advice of a Doctor.*'" (emphasis in original)

34. Defendant incorrectly denied Ms. Johnson the Accidental Death & Dismemberment Coverage benefits, claiming that Mr. Johnson died as a result of his blood alcohol level, rather than the smoke inhalation and burns in his apartment.

35. Defendant's letter included instructions to Ms. Johnson about how to appeal the decision to deny her claim.

36. Ms. Johnson filed a written appeal on October 27, 2008 with Defendant's Appeal Coordinator, noting particularly that the cause of her father's death was the smoke inhalation he suffered as a result of being trapped in a burning apartment.

37. An appeal team on behalf of Defendant met on January 7, 2009 to review the denial of Ms. Johnson's claim.

38. Defendant wrote to Ms. Johnson again on January 12, 2009, denying her appeal of the denial of her claim for Accidental Death coverage benefits as a result of her father's accidental death.

39. Having exhausted her administrative remedies under the Plan, Ms. Johnson now seeks to have Defendant's decision to deny the Accidental Death coverage benefits reviewed pursuant to 29 U.S.C. § 1132(a).

**COUNT ONE – WRONGFUL DENIAL OF BENEFITS UNDER ERISA**

40. Mr. Johnson suffered an Accidental Loss within the definition of the Accidental Death and Dismemberments provision of the Policy.

41. Ms. Johnson, as the beneficiary, is entitled to recover the benefits due to her under the terms of the Plan, or the Accidental Death and Dismemberment Coverage provision of Mr. Johnson's insurance policy with Defendant.

42. Ms. Johnson has procedurally complied with the Policy and with the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001-1461.

43. Defendant has wrongfully denied Ms. Johnson's claim for the accidental death benefits, as Mr. Johnson's death was the result of an accident within the plain meaning of the Policy.

WHEREFORE, the Plaintiff, MACHELLE JOHNSON, requests the following relief:

1. That the Court award her the benefits due to her under the Policy in the amount of THIRTY SEVEN THOUSAND DOLLARS ($37,000);

2. Interest at the legal rate from June 25, 2008, the date of the application for benefits or such earlier date as the policy and law may provide.

3. Her attorney's fees and costs; and

4. For such other and further relief the Court deems necessary.

MACHELLE JOHNSON

By: _____
Counsel

Erin E. Witte, Esq., VSB #81096
Kristi Cahoon Kelly, VSB # 72791
SUROVELL ISAACS PETERSEN & LEVY PLC
4010 University Drive, Suite 200
Fairfax, VA 22030
Direct Dial 703-277-9770
Facsimile 703-591-9285
Counsel for Ms. Johnson
ewitte@siplfirm.com

## Listing of Attached Exhibits

EXHIBIT A   Inova Health Care Services, Life Insurance Policy (June 1, 2008).

EXHIBIT B   Commonwealth of Virginia Department of Health, Office of the Chief Medical Examiner, *Report of Autopsy* (June 17, 2008).

EXHIBIT C   Commonwealth of Virginia Department of Health, Office of the Chief Medical Examiner, *Report of Investigation by Chief Medical Examiner/Investigator* (June 24, 2008).